BEA, J.,
concurring:
I concur in the majority’s conclusion that the district court correctly granted the Forest Service’s motion to dissolve the injunction. But because I do not think Plaintiff-Appellant Alliance’s Endangered Species Act (“ESA”) claim is rightly before this court, I do not agree with the majority’s decision to reach the merits of that claim. I write separately to explain my reasoning.
In 2009, the Alliance filed this lawsuit in federal district court to enjoin the Forest Service from implementing the Grizzly Project. It won summary judgment on its NFMA and NEPA claims, but the district court granted summary judgment to the Forest Service on one of Alliances’s ESA claims. The grant of summary judgment to the Forest Service validated its conclusion in the 2009 Biological Assessment that the Grizzly Project was “not likely to adversely affect” the grizzly; the district court found this conclusion was neither arbitrary nor capricious.[1] The Forest Service filed an appeal of the grant of summary judgment against it on the NFMA and NEPA claims, and Alliance cross-appealed the grant of summary judgment against it on its ESA claim. So far, so good. But then the Forest Service voluntarily dismissed its appeal, choosing instead to comply with the injunction. Alliance immediately dismissed its cross-appeal.
Ordinarily, “a second appeal in the same ease only brings up for review the proceedings of the trial court subsequent to the mandate.” Mathews v. Columbia Nat. Bank, 100 F. 393, 397 (9th. Cir.1900). Thus, the presumptive conclusion is that having dismissed its first attempt to appeal the grant of summary judgment against it on the ESA claim, Alliance' cannot now resurrect that claim.
Alliance has a common-sense response. When asked at oral argument, Alliance explained that as the prevailing party, it had no right to maintain its appeal in 2010; after all, the injunction had given it all the relief it sought. Thus, Alliance argues, it *492 would be unfair to apply the general rule in this context, since that would rob Alliance of any opportunity to get appellate review of its ESA claim.
Not so. The district court’s order in 2010 enjoined the defendants from implementing the Grizzly Project, and remanded the matter “to the Forest Service to address the deficiencies in the Project analyses set forth in this opinion.” Dkt. 44 at 69. The “deficiencies” were solely as to NEPA and NFMA issues; none were called out as to ESA issues, for on these the Forest Service had prevailed and Alliance had lost. Thus, Alliance had not obtained all the relief it sought — in particular, it had not obtained a permanent injunction mandating the Forest Service prepare a new biological assessment; indeed, no new assessment was ever prepared.
It is true that in some cases, this court has suggested that a party which has been granted summary judgment on some of its claims, which claims have been remanded to the agency, cannot appeal the grant of summary judgment against it on other claims. For example, this court stated in Alsea Valley Alliance v. Dep’t of Commerce, 358 F.Sd 1181, 1184-86 (9th Cir.2004), that an agency remand is ordinarily final only for purposes of a government appeal.[2] Of course, Alsea was in the odd procedural posture of an intervenor seeking to attack a judgment in which the agency had acquiesced. But this court applied the same reasoning in Pit River Tribe v. U.S. Forest Service, 615 F.3d 1069, 1075-76 (9th Cir.2010), and concluded that it lacked appellate jurisdiction because the tribes would be involved in the agency’s decisionmaking on remand, and might receive all the relief they sought.[3] *493 Thus, there is a colorable basis for Alliance’s argument.
However, Alliance’s claim that it could not maintain its earlier appeal is foreclosed by this court’s opinion in Sierra Forest Legacy v. Sherman, 646 F.3d 1161 (9th Cir.2011) (Fisher, J.).[4] There, several environmentalist groups brought suit in federal court challenging the 2004 amendments to the land management plan for the Sierra Forest and the Basin Project, a timber harvesting project approved pursuant to the 2004 plan. The environmentalists alleged that the plan and project violated NFMA and NEPA in various ways. The district court granted summary judgment to the government on all but one NEPA claim. On that claim of procedural defect, in which the environmentalists alleged that the Forest Service had failed to consider an adequate range of alternatives to the project at hand, the district court granted summary judgment to the environmentalists. The district court then ordered remand to the agency so that it could create supplemental analyses to cure the procedural defect.
The environmentalists appealed the district court’s grant of summary judgment against them on the remainder of their claims. The agencies argued that the Ninth Circuit lacked jurisdiction over the appeal because the remand order was not a final order, and thus not appealable. The Ninth Circuit concluded that it had jurisdiction and affirmed in substantial part on the merits. The panel discussion explained that despite the decision in Al-sea, a remand order was final for purposes of a non-governmental actor’s appeal where “the broad relief sought could not be achieved through the action the district court directed the agency to undertake.” Id. at 1175 (citing Skagit Cnty. Pub. Hosp. Dist. No. 2 v. Shalala, 80 F.3d 379, 384 (9th Cir.1996)). The panel conceded that it was “theoretically possible that on remand the Forest Service could” take actions to address the claims on which the district court had ruled in the government’s favor, but “the final judgment rule deals in practice, not theory.” Sierra, 646 F.3d at 1175. The panel held that because the issue that the environmentalists sought to challenge on appeal was “legally distinct” from the issue on which they had prevailed below and the district court’s order “permits adherence to rules that plaintiffs continue to challenge and the Forest Service continues to defend on appeal,” an immediate appeal could be taken. Id. at 1175-76.
As in Sierra, so here. In 2010, Alliance sought to have its defeated ESA claim reviewed after having prevailed on its NFMA and NEPA claims. As Alliance now argues, the ESA claim is distinct from the NFMA and NEPA claims; for one, it *494 concerns a totally different document, the biological assessment, rather than the record of decision at issue in the other claims. Moreover, the district court’s order in 2010 permitted the agency to rely on its old biological assessment, which the agency continued to defend on appeal and continues to defend today; Alliance claims a new biological assessment is needed.
Thus, Alliance could have pursued its appeal from the district court’s grant of summary judgment in the government’s favor on Alliance’s ESA claim in 2010 and gained relief different from that it sought for its NFMA and NEPA claims. As a result, the district court did not err when it construed Alliance’s argument below as a motion for reconsideration under FRCP 60(b)(2). The district court was therefore correct to deny the motion for reconsideration as time-barred, since FRCP 60(c)(1) requires that a FRCP 60(b)(2) motion be filed within one year from the entry of judgment. For aught that appears, in 2010 Alliance was satisfied with the injunction it had procured from the district court on the NFMA and NEPA claims, and intended to acquiesce in the district court’s judgment on the ESA claim. Any claim Alliance has suffered unfairness is a consequence of its own litigation strategy in dismissing the appeal of its ESA claim, about which it cannot now complain.
I see no reason to deviate from the usual rule that a party gets one opportunity— and only one opportunity — to seek appellate review of an adverse judgment on a claim. Because Alliance had that opportunity in 2010 and rejected it by dismissing its cross-appeal, I would not revisit the merits of the ESA claim. Thus, I concur in the majority’s conclusion that the district court’s dissolution of the injunction should be affirmed, and in its analysis of the other claims raised by Alliance.

. When an agency decides to undertake a discretionary action, the ESA imposes a requirement that the agency (here, the Forest Service) obtain from the relevant federal wildlife service (here, the Fish & Wildlife Service) a list of any species protected by the ESA that may be present in the action area. See Forest Guardians v. Johanns, 450 F.3d 455, 457 (9th Cir.2006). The agency must then prepare a biological assessment, in which the agency determines whether the action is likely to adversely affect any of the species identified by the wildlife service. Id. If the agency concludes that the action is likely to affect adversely a protected species, NEPA ordinarily requires that the agency enter into formal consultation with the wildlife service, a “lengthy and costly process." Id. If the agency concludes, as here, that the action is not likely to affect adversely a protected species, no consultation requirement is triggered. Id. Alliance claims in this case that the Forest Service’s conclusion in the biological assessment that grizzlies were not likely to be adversely affected, and therefore that consultation was not required, was arbitrary and capricious.

. In Alsea, an alliance of fishermen brought suit challenging a final rule of the National Marine Fisheries Service that listed a species of salmon as "threatened” under the ESA, on the grounds that the Service acted arbitrarily and capriciously by excluding hatchery-spawned salmon from its population calculations. The district court granted summary judgment to the fishermen, invalidated the final rule, and remanded the matter to the Service. The Service did not appeal, and presented the district court with an action plan to bring itself into compliance with the district court's order. Several environmental organizations sought leave to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) for purposes of taking an appeal. The district court granted the motion to intervene, and the fishermen appealed. The Ninth Circuit consolidated the fishermen's appeal from the intervention order and the environmentalists’ appeal from the remand order. The panel concluded that while there might be circumstances (though it could think of none) in which a remand order was "final'' for purposes of a non-agency appellant taking an appeal, this was not such a case: the agency's action on remand might well give the environmentalists all the relief they sought. Thus, the panel concluded that it lacked jurisdiction over the remand order, and dismissed the environmentalist’s appeal.

. In June 1988, the Bureau of Land Management gave a ten-year geothermal energy lease for the area near Medicine Lake to an oil company. In May 1998, the lease was extended for 5 years under a statutory provision allowing for such extension if an environmental impact statement (EIS) was completed. The EIS was not completed until September 1998. The Pit River Indians, who had claimed Medicine Lake had spiritual significance for them, filed suit alleging various violations of NEPA and the National Historic Preservation Act (NHPA). The district court entered summary judgment for the agencies, and the tribe appealed. The Ninth Circuit reversed on the grounds that the subsequent EIS did not cure the agency's violation of NEPA in May 1998, when it extended the lease without first producing an adequate EIS, and ordered that summary judgment be entered for the tribe on remand. On remand, the parties disputed what should be done: the tribe argued that the leases had expired by their own terms, so a competitive bidding process needed to be initiated, while the agency argued that the lease extension should be vacated and the matter should be remanded *493 to them. The district court sided with the agencies and entered a remand order, and the tribe appealed. The Ninth Circuit substantially affirmed (correcting a single sentence in the remand order not relevant here). Before reaching the merits, the panel inquired into its jurisdiction. The panel concluded that it lacked jurisdiction under the reasoning of Al-sea, because the tribe would be consulted in the agency's action after remand and would, if it persuaded the agency not to extend the leases, obtain the relief it sought. The panel then construed the appeal as a petition for mandamus filed by the tribe to obtain the district court's compliance with the mandate, found that the petition satisfied the Bauman factors, and proceeded to the merits.

. The panel was highly splintered, with different judges writing different parts of the opinion and parts of the opinion having no prece-dential weight because no two judges agreed on the result. The portion cited here, however, was written by Judge Fisher with the concurrence of Judges Reinhardt, making that portion precedential. That portion is what determines the decision here.